## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

ARICK MARQUETT JOHNSON                                      PETITIONER
ADC #185962

v.                          4:26-cv-00604-BSM-JJV

DEXTER PAYNE                                                RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

### DISPOSITION

### I.    INTRODUCTION

Petitioner Arick Marquett Johnson, an inmate at the Barbara Ester Unit of the Arkansas Division of Correction, brings this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus *pro se*. (Doc. No. 2.)  This is the seventh habeas petition Mr. Johnson has filed.  The Court dismissed cases 4:24-cv-00702-DPM-JTK, 4:24-cv-00804-BSM-JJV, 4:24-cv-01017-BSM-JJV, because Mr. Johnson failed to complete the required application to proceed without prepaying fees or costs or simply pay the $5 fee.  Case 4:23-cv-00835-BRW-ERE was dismissed, *inter alia*, because Mr. Johnson sought federal habeas relief before his pending state criminal charges were resolved.  And

the Court dismissed cases 4:25-cv-00380-KGB-ERE and 4:26-cv-00021-BSM-JJV because Mr. Johnson failed to exhaust his state remedies before seeking habeas relief – the same reason I am recommending dismissal of the instant petition.

## II.   BACKGROUND

Mr. Johnson was convicted by a jury in the Circuit Court of Pulaski County, Arkansas, of one count of first-degree terroristic threatening. *State of Arkansas v. Arick Marquett Johnson*, No. 60CR-21-1050, https://caseinfo.arcourts.gov. He was sentenced as a habitual offender to five years' imprisonment. *Id*. Mr. Johnson's retained trial counsel filed a timely notice of appeal; however, Mr. Johnson never lodged the record on appeal as required by Arkansas Rule of Appellate Procedure – Criminal 4(b), nor did he file a motion for belated appeal within eighteen months of the judgment as contemplated in Rule 2(e). *Id*. Therefore, the direct appeal did not go forward.[1]

Mr. Johnson filed a *pro se* petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37, in which he alleged his trial counsel was ineffective, specifically because he had filed a legal malpractice claim against her prior to trial, which caused her to have a conflict of interest. *Id*. He repeated this claim in an amended Rule 37 petition, further alleging that the trial judge was aware of the conflict of interest. *Id*. Mr. Johnson made the same claims of ineffective assistance of counsel and judicial misconduct in a *pro se* state habeas petition. *Id*. Both Rule 37 petitions and the state habeas petition remain pending in the trial court. *Id*.

In the Petition for Writ of Habeas Corpus now before this Court, Mr. Johnson raises two claims for relief. (Doc. No. 2 at 6-7.) First, he alleges ineffective assistance of trial counsel

---

[1] Based on my review of state court records, no appeal was ever docketed in the appellate court. Therefore, in accordance with Arkansas Rule of Appellate Procedure – Criminal 2(f), the trial court could dismiss the appeal. It has not done so.

stemming from the alleged conflict of interest created by the legal malpractice suit. (*Id.* at 6.) Additionally, Mr. Johnson claims Fifth Amendment due process rights were violated because the trial judge ignored his *pro se* motion.[2] (*Id.* at 7.) I have conducted a preliminary review of Mr. Johnson's Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Based on that review, it plainly appears Petitioner is not entitled to relief. Accordingly, I recommend that the Petition be dismissed without prejudice for failure to exhaust state remedies.

## II.    ANALYSIS

Before filing a federal habeas petition, a state inmate must first "fairly present" the substance of his or her federal habeas claims to the appropriate state courts and exhaust all available state remedies.  *Murphy v. King*, 652 F.3d 845, 848-49 (8th Cir. 2011) (citing *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State")).  The exhaustion requirement "is grounded in principles of comity and reflects a desire to 'protect the state courts' role in the enforcement of federal law.'" *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)). The United States Court of Appeals for the Eighth Circuit has held a habeas petitioner has the burden to show that all available state remedies have been exhausted.  *Carmichael v. White*, 163 F.3d 1044, 1045 (8th Cir. 1998).  The Eighth Circuit has also stated dismissal without prejudice is proper when a petitioner fails to carry that burden.  *Id*. at 1046.

---

[2] I note that this is a claim Mr. Johnson raise in a prior petition that was dismissed for failure to exhaust state remedies. *See Johnson v. Payne*, Case No. 4:25-cv-00380-KGB (E.D. Ark. 2025).

Mr. Johnson's federal habeas claims were raised in his Rule 37 petition, amended Rule 37 petition, and state habeas petition – all of which remain pending. Therefore, the claims are unexhausted, and Mr. Johnson must give the state courts an opportunity to resolve the claims before seeking federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (in order to exhaust, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). The instant Petition is Mr. Johnson's seventh and he has been made fully aware of the exhaustion requirement in two of his prior petitions. While it is understandable for Mr. Johnson to be frustrated by how long it is taking to get his pending state matters resolved, it does not give him license to attempt an end run around the exhaustion requirement.

Additionally, this Court lacks the discretion to stay Mr. Johnson's Petition while he exhausts his state court remedies, as his Petition is not a mixed one containing some claims that have been exhausted and some that have not. *Rhines v. Weber*, 544 U.S. 269, 271 (2005). Because Mr. Johnson's Petition contains only unexhausted claims, it should be dismissed without prejudice to his refiling after his state court remedies have been fully exhausted. Mr. Johnson is reminded of the applicable one-year limitation period. *See* 28 U.S.C. § 2244(d).

Under Rule 4 of the Rules Governing Section 2254 Cases, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Because it plainly appears that Mr. Johnson has yet to exhaust his state court remedies, dismissal is appropriate.

## III.     CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a

final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). I find no issue on which Mr. Johnson has made a substantial showing of the denial of a constitutional right. Accordingly, no certificate of appealability should issue.

## IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.    Mr. Johnson's § 2254 Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED without prejudice.

2.    A certificate of appealability not be issued.

DATED this 22nd day of June 2026.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE